1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9         FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | | |
|---|---|---|
| PAUL S. CARTER, | ) | 1:04-cv-06618-REC-SMS |
| | ) | |
| Plaintiff, | ) | **SCHEDULING CONFERENCE ORDER** |
| | ) | |
| vs. | ) | Expert Disclosure Deadline: 8/12/05 |
| | ) | |
| INFINITY BROADCASTING CORPORATION, et al., | ) ) | Supplemental Expert Disclosure Deadline: |
| | ) | 8/29/05 |
| Defendants. | ) | |
| | ) | Discovery Deadline: 9/16/05 |

Non-Dispositive Motion
Filing Deadline: 9/23/05

Dispositive Motion Filing
Deadline: 9/30/05

Settlement Conference Date:
11/29/05, 2:00pm, Ctrm. 4/**SMS**

Pre-Trial Conference Date:
12/15/05, 2:00pm, Ctrm. 4/**SMS**

Trial Date: 1/31/06, 9:00am,
Ctrm. 1/**REC** (JT ~ 3-5 days)

      1.   Date of Scheduling Conference:

           May 17, 2005.

//

1

2.   Appearances of Counsel:

Suzanne Kehde, Esq., appeared on behalf of plaintiff.

Christina M. Kotowski, Esq., of Kauff, McClain & McGuire, LLP, appeared telephonically on behalf of defendant.

3.   The Pleadings:

A.   Summary of the Pleadings.

Plaintiff's Contentions

Plaintiff's corrected First Amended Complaint contends that defendant breached an employment contract; that plaintiff was discharged from employment for reasons that violate public policy; that defendant retaliated against plaintiff for reporting preferential treatment and sexual harassment of women; that defendant harmed plaintiff by making defamatory statements; and, that defendant's intentional conduct caused plaintiff to suffer severe emotional distress.

Defendant's Contentions

Defendant contends that each of plaintiff's claims in this lawsuit are without merit, and that plaintiff is not entitled to any relief.  Plaintiff previously filed a charge with the Department of Fair Employment and Housing ("DFEH") alleging discrimination, harassment, and retaliation on the same facts alleged here, and the DFEH closed the case after an investigation, finding that there was insufficient evidence to prove a violation of the statute.

With respect to plaintiff's complaint of retaliation for engaging in protected activity under the Fair Employment and Housing Act ("FEHA"), defendant contends that plaintiff's complaint of harassment was not made in good faith (both because of the

2

insubordinate manner of the complaint and the fact that it was first raised in response to criticism of plaintiff's own job performance), and that plaintiff therefore did not engage in activity protected from retaliation by statute.  Defendant also believes that plaintiff's wrongful termination claim may be barred by the statute of limitations.

        B.   Orders Re: Amendment of Pleadings.

           No amendments are proposed at this time.

   4.   Factual Summary:

        A.   Admitted Facts which are deemed proven without further proceedings.

           (1)   The dates of plaintiff's employment with defendant.

           (2)   The amount of compensation earned by plaintiff while employed by defendant.

           (3)   Defendant is an employer subject to the FEHA.

           (4)   Al Smith and Patty Hixson were "supervisors" as defined by the FEHA.

        B.   Contested Facts.

           (1)   Whether Al Smith and Patty Hixson engaged in the conduct and/or made the statements alleged in the Complaint.

           (2)   Whether the alleged conduct is relevant to plaintiff's claims.

           (3)   The reasons for plaintiff's complaint of discrimination and harassment.

           (4)   Whether plaintiff engaged in any protected activity under the FEHA.

//

3

(5)   Whether plaintiff's employment was at-will or required good cause for termination.

(6)   The reasons for plaintiff's termination.

(7)   Whether defendant had a legitimate, non-pretextual reason for the termination.

(8)   Whether any employee of defendant made any defamatory statement to Univision Radio concerning plaintiff.

(9)   The nature and extent of plaintiff's damages, including but not limited to his alleged emotional distress.

5.   Legal Issues:

A.   Uncontested.

(1)   Jurisdiction

(2)   Venue

(3)   Federal Rules of Civil Procedure and state substantive law apply.

B.   Contested.

(1)   Whether liability exists as to the remaining claims.

(2)   Whether the common interest privilege of California Civil Code § 47 bars plaintiff's defamation claim.

(3)   Whether plaintiff's retaliation claim is based on bona fide reporting of alleged harassment and/or discrimination.

(4)   Whether plaintiff fails to state a claim for punitive damages as a matter of law.

6.   Consent to Magistrate Judge Jurisdiction:

This case will not be assigned for all purposes, including trial, to the Honorable Sandra M. Snyder, United States Magistrate Judge, as the parties do not so consent at this time.

4

1  Nevertheless, any and all pleadings and/or correspondence should be

2  correctly numbered as:  **1:04-cv-06618-REC-SMS**

3       7.   Discovery Plan and Cut-Off Dates:

4            A.   Pursuant to F.R.Civ.P.26(b), and except as the court

5  may order after a showing of good cause, the "(p)arties may obtain

6  discovery regarding any matter, not privileged, that is relevant to

7  the claim or defense of any other party."

8            B.   Unless otherwise stipulated between the parties or

9  ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery

10 shall be limited as follows:

11                 (1)   Depositions:

12                      a.   Each side may take no more than ten (10)

13 depositions.

14                      b.   A deposition shall be limited to one (1)

15 day of seven (7) hours.  F.R.Civ.P.30(d).

16                 (2)   Interrogatories:

17                      a.   "(A)ny party may serve upon any other

18 party written interrogatories, not exceeding 25 in number including

19 all discrete subparts . . ."  F.R.Civ.P.33(a).

20            C.   Pursuant to F.R.Civ.P.26(e), the parties shall

21 supplement their disclosures and amend their responses to discovery

22 requests in a timely manner.

23            D.   The parties are ordered to complete all discovery on

24 or before September 16, 2005.

25            E.   The parties are directed to disclose all expert

26 witnesses, in writing, on or before August 12, 2005, and all

27 supplemental expert witnesses, in writing, on or before August 29,

28 2005.  The written designation of experts shall **be made pursuant to**

5

**F.R.Civ.P. Rule 26(a)(2), (A) and (B), and shall include all information required thereunder**. Failure to designate experts in compliance with this Order may result in the court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this Order.

The provisions of Fed.R.Civ.P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

8. Pre-Trial Motion Schedule:

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before September 23, 2005, and are heard on Fridays at 9:30 a.m. in Courtroom No. 4 before the Honorable Sandra M. Snyder, United States Magistrate Judge. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar**.

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel may appear, and argue non-dispositive motions, telephonically, provided a written request to so appear is presented to Magistrate Judge Snyder's Courtroom Deputy Harriet Herman no later than five (5) court days prior to the noticed

hearing date.  If two or more attorneys request to appear
telephonically, then it shall be the obligation and responsibility
of the moving party(ies) to make prior arrangements for the
conference call with an AT&T operator (not Court Call, etc.), IF
counsel do not have conference call capabilities on their telephone
systems, and to initiate the call to the court.

All Dispositive Pre-Trial Motions shall be filed on or
before September 30, 2005, and are heard on Mondays at 1:30 p.m. in
Courtroom No. 1 before the Honorable Robert E. Coyle, Senior United
States District Judge.  In scheduling such motions, counsel shall
comply with **Local Rule 78-230**.

9.   Pre-Trial Conference Date:

December 15, 2005 at 2:00 p.m. in Courtroom No. 4 before
the Honorable Sandra M. Snyder, United States Magistrate Judge.

Ten (10) days prior to the Pretrial Conference, the
parties shall exchange the disclosures required pursuant to
F.R.Civ.P. 26(a)(3).

The parties are ordered to file a **JOINT Pretrial
Statement pursuant to Local Rule 16-281(a)(2)**.  The parties are
further ordered to submit a digital copy of their Joint Pretrial
Statement in WordPerfect 11[1] format directly to Judge Snyder's
chambers by e-mailing it to SMSOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 16-281 and 16-
282 of the Local Rules** of Practice for the Eastern District of
California as to their obligations of counsel in preparing for the

---

[1] If WordPerfect 11 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

Pre-Trial Conference.  **The Court will insist upon strict compliance with those Rules**.

    10.  Trial Date:

        January 31, 2006 at 9:00 a.m. in Courtroom No. 1 before the Honorable Robert E. Coyle, Senior United States District Judge.

        A.  This is a jury trial.

        B.  Counsels' Estimate of Trial Time:

            3-5 days.

        C.  Counsels' attention is directed to **Rule 16-285 of the Local Rules** of Practice for the Eastern District of California.

    11.  Settlement Conference:

        November 29, 2005 at 2:00 p.m. in Courtroom No. 4 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

        Unless otherwise permitted in advance by Judge Snyder, **the attorneys who will try the case shall personally appear** at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

        Permission for a party *[not attorney]* to attend by telephone may be granted by Judge Snyder upon request, by letter, with a copy to the other parties, IF the party lives and works outside the Eastern District of California, AND attendance in

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors, or the like, shall be represented by a person or persons who occupy high executive positions in the party organization, and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

8

person would constitute a hardship.  If telephone attendance is allowed, **the party must be** *immediately* **available throughout the conference, until excused, regardless of time zone differences**. Any other special arrangements desired in cases where settlement authority rests with a governing body shall also be proposed, in advance, by letter, and copied to all other parties.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

NOTICE IS HEREBY GIVEN that a Confidential Settlement Conference Statement is **MANDATORY**, and must be submitted directly to Judge Snyder's chambers, **at least five (5) court days prior to the Settlement Conference**, by e-mailing it to SMSOrders@caed.uscourts.gov.  Failure to so comply may result in the imposition of monetary and/or other sanctions.

The Statement should **not be filed** with the Clerk's Office nor **served on any other party**, although the parties may file a Notice of Lodging Confidential Settlement Conference Statement. Each Statement shall be clearly marked "Confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their Statements if settlement is not achieved and, if such a request is not made, the Court will dispose of the Statement.

The Confidential Settlement Conference Statement shall include the following:

A.   A brief statement of the facts of the case.

B.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and, a description of the major issues in dispute.

1          C.    A summary of the proceedings to date.

2          D.    An estimate of the cost and time to be expended for

3    further discovery, pretrial, and trial.

4          E.    The relief sought.

5          F.    The party's position on settlement, including

6    present demands and offers, and a history of past settlement

7    discussions, offers, and demands.

8                            **ADMONITION**

9          If it is clear to counsel and/or the parties that this

10   case is not in a settlement posture, counsel are directed to

11   contact this Court's staff immediately to make arrangements for a

12   continuance **OR** to take it off calendar.  **OTHERWISE**, this Court will

13   assume the following:

14         1.    That plaintiff has provided defendant with a timely

15   demand;

16         2.    That the parties have met and conferred sufficiently

17   at least once prior to the Settlement Conference regarding possible

18   settlement; and,

19         3.    That the parties are therefore ready, willing, and

20   able to settle the case, meaning that (A) defendant has settlement

21   authority, and (B) plaintiff is willing to negotiate in good faith.

22         If there is no settlement authority from either or any

23   party and/or it is the hope of one or more parties that this Court

24   assess strengths and weaknesses of each parties' cases such that

25   this Court will hopefully convince a party to dismiss his/her/their

26   lawsuit, **THIS IS NOT SETTLEMENT.**  In such a situation, the parties

27   are ordered to coordinate a telephonic conference call with this

28   Court, through Courtroom Deputy Harriet Herman at (559) 498-7252 OR

                                    10

Judicial Assistant Frances Robles at (559) 498-7325, prior to the Settlement Conference, to discuss the status of settlement. Failure to do so could result in sanctions against any or all parties if appearances are made and it was known to one or more parties that the case cannot settle.

    12.  Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial:

        Not applicable at this time.

    13.  Related Matters Pending:

        There are no pending related matters.

    14.  Compliance with Federal Procedure:

        The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the Court in the efficient administration of this case, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload.  Sanctions will be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

    15.  Compliance with Electronic Filing Requirement:

        On January 3, 2005, the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF).  Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of **January 3, 2005** in all actions pending before the court.

1  While Pro Se Litigants are exempt from this requirement, the court
2  will scan in all documents filed by pro se litigants, and the
3  official court record in all cases will be electronic.  Attorneys
4  are required to file electronically in pro se cases.  More
5  information regarding the Court's implementation of CM/ECF can be
6  found on the court's web site at www.caed.uscourts.gov, including
7  the Court's Amended Local Rules effective January 3, 2005, the
8  Court's CM/ECF Final Procedures, and the Court's CM/ECF User's
9  Manual.

10       While the Clerk's Office will not refuse to file a
11  proffered paper document, the Clerk's Office will scan it and, if
12  improperly filed, notify the Court that the document was filed in
13  an improper format.  An order to show cause (OSC) may be issued in
14  appropriate cases regarding an attorney's disregard for the
15  requirement to utilize electronic filing, or other violations of
16  these electronic filing procedures.  See L.R. 11-110, L.R.
17  5-133(d)(3).

18       If counsel has not already done so, counsel **must** register
19  for CM/ECF as soon as possible.  On-line registration is available
20  at www.caed.uscourts.gov.  Once registered, counsel will receive a
21  login and password in approximately one (1) week.  Counsel must be
22  registered to file documents on-line.  See L.R. 5-135(g).  Counsel
23  are responsible for knowing the rules governing electronic filing
24  in the Eastern District.  Please review the Court's Local Rules
25  effective January 3, 2005, available on the Court's web site.
26  ///
27  //
28  /

16.  Effect of this Order:

The foregoing Order represents the best estimate of the Court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this Order cannot be met, counsel are ordered to notify the Court *immediately* so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

**FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

**Dated:    May 17, 2005**              _____ **/s/ Sandra M. Snyder** _____
icido3                                UNITED STATES MAGISTRATE JUDGE

13